UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TODD and SARAH HALL,
individuals,

        Plaintiffs,

v.

Case No.: 8:19-cv-2459-CEH-JSS

SANTANDER CONSUMER USA, INC.,
a foreign for-profit corporation,

        Defendant.

_____/

## AMENDED COMPLAINT

**COMES NOW**, Plaintiffs, Todd and Sarah Hall (hereinafter collectively, "Debtors" or "Plaintiffs"), by and through the undersigned counsel, and hereby sues Defendant, SANTANDER CONSUMER USA, INC, (hereinafter, "Defendant").  In support thereof, Plaintiffs states:

### INTRODUCTION AND PRELIMINARY STATEMENT

This is an action for damages brought for Defendant's violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA") and the Telephone Consumer Protection Act, 47 United States Code, Section 227 (hereinafter, the "TCPA") wherein Defendant repeatedly communicated directly with Debtors' in an attempt to collect a consumer debt despite Defendant receiving notice and possessing actual knowledge that Debtors retained legal counsel with respect to such debt, after possessing said legal counsel's contact information, and after Debtors revoked any purported prior express consent for Defendant to make telephone calls to their cellular telephones using an automatic telephone dialing system or an artificial or pre-recorded voice.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 47 United States Code, Section 227(b)(3), 28 United States Code, Section 1331, and supplemental jurisdiction exists for the FCCPA claims pursuant to 28 United States Code, Section 1367.

2. Venue in this District is proper because Defendant transacts business in this District, and the conduct complained of occurred in this District.

3. At all material times herein, the conduct of Defendant, complained of below, occurs in Polk County, Florida.

4. At all material times herein, the Debtors are individuals residing in Polk County, Florida.

5. At all material times herein, Defendant is a foreign limited liability company existing under the laws of the state of Illinois with its principal place of business located at 1601 Elm Street, Suite 800, Dallas, Texas 75201.

## FCCPA STATUTORY STRUCTURE

6. The FCCPA is a state consumer protection statute, modeled after the Federal Fair Debt Collection Practices Act, a statute designed to prohibit unfair, deceptive, and abusive practices in the collection of consumer debts as well as to protect against the invasion of individual privacy. 15 U.S.C. §§ 1692(a), (e); Fla. Stat. §§ 559.55, 559.77(5).

7. The FCCPA imposes civil liability on a creditor that "offers or extends credit creating a debt or to whom a debt is owed…" and prohibits any person from engaging in particular conduct in connection with collecting consumer debts. Fla. Stat. § 559.55(5).

8. Specifically, the FCCPA prohibits unlawful debt collection "communications" with consumer debtors, which is defined as "the conveying of information regarding a debt *directly or indirectly* to any person *through any medium*." Fla. Stat. § 559.55(2) (emphasis added).

9. For example, the FCCPA prohibits a person from collecting consumer debt by communicating with the consumer in a manner that can be expected to harass or abuse the consumer debtor, and also prohibits a person from communicating directly with a consumer known to be represented by legal counsel in an attempt to collect consumer debt when such person possesses said legal counsel's contact information. *See* Fla. Stat. §§ 559.72(7), (18).

## TCPA STATUTORY STRUCTURE

10. Congress enacted the TCPA in an effort to restrict pervasive use of automated or prerecorded telephone calls that invade consumers' personal privacy. Pub L. 102-243, § 2, Dec. 20, 1991, 105 Sta. 2394 (1), (5), and (10).

11. Congress intended to prevent automated or pre-recorded telephone calls as "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." *Id*. at §§ (5) and (12).

12. Under the TCPA, any person who initiates calls to any number assigned to a cellular telephone service using any automated telephone dialing system or artificial or prerecorded voice without the recipient's prior express consent is liable to the recipient for actual monetary loss, or up to $500.00 in damages for each violation of the TCPA, whichever is greater. 47 U.S.C. § 227(b)(3)(B).

13. Under the TCPA, the court may increase the damage award up to three (3) times, or up to $1,500.00, for each willful or knowing violation of the TCPA. *Id* at § 227(b)(3)(C).

14. Furthermore, the Restrictions on Use of Telephone Provision, 47, United States Code, Section 227(b)(1) prohibits any person:

> (A) To make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a

3

> paging service, cellular telephone service, … or any service for which the called party is charged for the call.

15. Additionally, Debtors allege that Defendant continued to call Debtors' cellular telephones using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV") in violation of the FCC Rule, 47 C.F.R. Section 64.1200(a)(1).

16. One of the regulations prescribed under the TCPA is the Federal Communications Commission ("FCC")'s rule, 47 C.F.R Section 64.1200 ("FCC Rule"), that implements the TCPA. The FCC originally promulgated the FCC Rule in 1992, since which time it has subsequently been amended as telecommunications technology has changed.

17. In its current state, the FCC Rule, 47 C.F.R. § 64.1200, provides, in relevant part, that:

> (a) No person or entity may:
>
> (1) Except as provided in paragraph (a)(2) of this section, initiate any telephone call (other than a call made for emergency purposes or is made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice;
> . . .
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

## GENERAL ALLEGATIONS

18. At all material times herein, Defendant is a "creditor" as defined by the FCCPA, Section 559.55(5).

19. At all material times herein, Debtors are each an alleged "debtor" or "consumer" as defined by the FCCPA, Section 559.55(8).

4

20. At all material times herein, Defendant attempts to collect a debt from Debtors, specifically, a deficiency balance allegedly due on an automotive loan referenced or identified by account number ending in -8846 (hereinafter, the "Debt").

21. At all material times herein, the Debt is a consumer debt, an alleged obligation resulting from a transaction for goods or services and incurred primarily for personal, household, or family use.

22. At all material times herein, Defendant is a "person" subject to Florida Statutes, Section 559.72. *See* Fla. Stat. §§ 559.55(5), (7); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

23. At all material times herein, Defendant's conduct, with respect to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(2).

24. At all material times herein, Defendant acted itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

25. All necessary conditions precedent to the filing of this action occurred or Defendant waived or excused the same.

## FACTUAL ALLEGATIONS

26. Defendant made telephone calls, as more specifically alleged below, to Debtor Sarah Hall's cellular telephone number 863-XXX-0742 (hereinafter, "Cellular Telephone") using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV").

27. Debtor Sarah Hall is the possessor, controller, and regular user of a Cellular Telephone with assigned telephone number 863-XXX-0742.

28. At no time herein did Defendant possess Debtor Sarah Hall's prior express consent to call her Cellular Telephone using an ATDS, a PTDS, or an APV.

29. Further, if Defendant contends it did possess such consent at one point in time, Debtor Sarah Hall nonetheless repeatedly revoked any alleged prior existing consent the moment she demanded that Defendant cease calling her Cellular Telephone and again revoked any alleged prior express consent the moment she advised Defendant that she was represented by an attorney with respect to the Debt.

30. Additionally, if Defendant contends the below-referenced phone calls were made for "informational purposes only," Defendant nevertheless lacked the required prior express written consent necessary to place such informational calls to Debtor Sarah Hall's Cellular Telephone using an ATDS, a PTDS, or an APV.

31. Moreover, Debtor Sarah Hall was never part of the agreement creating the Debt and, as such, Defendant never possessed Debtor Sarah Hall's consent to call her Cellular Telephone with respect to the Debt.

32. In or around April 2016, Debtor Todd Hall entered into an automotive loan agreement loan agreement with Defendant.

33. Debtor Todd Hall entered into the immediately-aforementioned agreement jointly with a co-debtor, Janice Catlow.

34. On or about January 22, 2018, Defendant sent a letter to Debtor Todd Hall in an attempt to collect the Debt (hereinafter, "Default Notice"). Please see attached a true and correct copy of the Default Notice labeled as Exhibit "A."

35. Defendant's immediately-aforementioned Default Notice advised that Debtor Todd Hall and Janice Catlow defaulted on the Debt, asserted an amount due of $1,392.53 on the Debt,

and demanded payment by February 5, 2018 to prevent Defendant from repossessing the vehicle securing the Debt.

36. On or about February 9, 2018, Debtor Todd Hall made a final payment of $697.51 on the Debt to Defendant.

37. On or about February 10, 2018, Defendant sent co-obligor Janice Catlow a past due notice in an attempt to collect the Debt. Please see attached a true and correct copy of the past due notice labeled as Exhibit "B."

38. On or before April 1, 2018, Debtors retained The Law Offices of Eva Donahue, P.A. (hereinafter, "Eva Donahue") with respect to their debts generally, including the Debt, for purposes of filing for bankruptcy,

39. In April 2018, Defendant repossessed the vehicle securing the Debt.

40. Between April 2018 and July 2018, Defendant repeatedly made calls to Debtor Sarah Hall's Cellular Telephone, sometimes in excess of twenty (20) calls per day, using an ATDS, PTDS, or APV.

41. Defendant made the immediately-aforementioned calls in an attempt to collect the Debt.

42. In April 2018, Debtor Sarah Hall answered one of Defendant's calls and spoke with Defendant's employee or representative.

43. During the immediately-aforementioned call, Debtor Sarah Hall advised Defendant that Debtors retained Eva Donahue with respect to the Debt, provided Eva Donahue's contact information, advised that Debtors would be filing for bankruptcy, and demanded that Defendant stop communicating directly with Debtors.

44. As such, after Debtor Sarah Hall spoke with Defendant for the first time in April 2018, Defendant possessed actual knowledge of Eva Donahue's legal representation of Debtors with respect to the Debt and Eva Donahue's contact information.

45. Despite Defendant receiving notice and possessing actual knowledge of Eva Donahue's representation of Debtors with respect to the Debt, including Eva Donahue's contact information, Defendant continued to call Debtor Sarah Hall's Cellular Telephone from April 2018 through July 2018 in its attempts to collect the Debt.

46. Defendant's continued calls to Debtor Sarah Hall's Cellular Telephone constitute indirect attempts to collect the Debt from Debtor Todd Hall as Debtor Sarah Hall was not a party to the agreement entered into between Defendant and Debtor Todd Hall, and the only reason she would pay is to satisfy her husband's Debt or convey the message to her husband, which she did.

47. On or about May 16, 2018, Defendant sent a letter directly to Debtor Todd Hall, notifying Debtor Todd Hall that Defendant sold the vehicle securing the Debt and asserting that Debtor Todd Hall owed a deficiency balance of $19,969.03 on the Debt (hereinafter, "Deficiency Notice"). Please see attached a true and correct copy of said Deficiency Notice labeled as Exhibit "C."

48. Defendant sent the immediately-aforementioned Deficiency Notice in an attempt to collect the Debt from Debtor Todd Hall.

49. On or about July 31, 2018, Debtors jointly filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division, identified by case number 8:18-bk-06355-CPM, and Debtors listed Defendant as an unsecured creditor regarding the Debt in their bankruptcy petition schedules, owed jointly by Debtor Todd Hall and Janice Catlow.

50. As a direct result of Defendant's actions, Debtors suffered emotional distress, anxiety, inconvenience, frustration, annoyance and confusion, believing that their pending bankruptcy case as well as Debtor Sarah Hall repeatedly requesting that Defendant cease communicating with Debtors regarding the Debt was wholly ineffective, and that Defendant's frequent, repeated, and invasive Debt collection attempts would simply have to be endured unless and until Debtors made payment on a Debt they could not afford.

51. It is Defendant's corporate policy to use an ATDS, a PTDS, or an APV when attempting to collect consumer debts, including the Debt (hereinafter, "Corporate Policy").

52. Defendant employed its Corporate Policy of using an ATDS, a PTDS, or an APV when Defendant made the calls to Debtor's Cellular Telephone in this case.

53. Defendant made the calls to Debtor Sarah Hall's Cellular Telephone with no effective way for Debtor Sarah Hall to remove her Cellular Telephone number from Defendant's telephone dialing system.

54. Defendant made calls, or caused calls to be made, to Debtor Sarah Hall with no effective way for Defendant to remove the telephone number from Defendant's telephone dialing system.

55. Defendant's Corporate Policy provides no effective way for a consumer to effectively revoke any prior existing consent to be called by an ATDS, PTDS, or APV to make Defendant cease calling Cellular Telephone.

56. Defendant's Corporate Policy and procedures are structured as to continue to call individuals like Debtor Sarah Hall using an ATDS, a PTDS, or an APV, regardless of how many times said individuals request that Defendant cease calling a cellular telephone regarding a debt allegedly owed to Defendant.

57. Upon information and belief, Defendant engaged in a pattern and practice of unlawful debt collection and invasion of privacy, repeatedly and willfully calling consumers' cellular telephones in an attempt to collect debts, using an ATDS, a PTDS, or an APV despite lacking consumers' prior express consent to do so.

58. Defendant willfully, knowingly and repeatedly undertakes these practices to increase revenue and profitability at the direct expense of consumers' livelihoods and privacy.

59. Debtors have not been able, due to both professional and personal commitments, as well as the continued and increasing stress associated with the continued barrage of Debt collection calls, to record the specifics of each and every communication Defendant made to Debtors. Debtors assert, however, that the above-referenced calls are but a sub-set of the calls made in violation of the FCCPA, FDCPA, and TCPA. Further, Defendant is in the best position to determine and ascertain the number and methodology of calls made to Debtors.

60. Plaintiffs retained Undersigned Counsel for the purpose of pursuing this matter against Defendant, and Plaintiffs is obligated to pay her attorneys a reasonable fee for their services.

61. Florida Statutes, Section 559.77 provides for the award of $1,000.00 statutory damages, actual damages, punitive damages, declaratory and injunctive relief, and an award of attorneys' fees and costs to Plaintiffs, should Plaintiffs prevail in this matter against Defendant.

62. United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made, directly or indirectly, using any automatic telephone dialing system or an artificial or pre-recorded voice to Debtors Sarah Hall's Cellular Telephone in violation of the TCPA or the regulations proscribed thereunder.

63. Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call made, directly or indirectly, using

any automatic telephone dialing system or an artificial or prerecorded voice to Debtor Sarah Hall's Cellular Telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

**COUNT ONE:
UNLAWFUL DEBT COLLECTION PRACTICE –
<u>VIOLATION OF FLORIDA STATUTES, SECTION 559.72(7)</u>**

Plaintiffs re-allege paragraphs one (1) through sixty-three (63) as if fully restated herein and further states as follows:

64. Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(7) by collecting a consumer Debt from Debtors through means which can reasonably be expected to abuse or harass Debtors.

65. Specifically, at no time herein did Defendant possess Debtor Sarah Hall's consent to make calls to her Cellular Telephone as Debtor Sarah Hall was not party to any contract creating the Debt.

66. Despite Debtor Sarah Hall providing Defendant explicit notice that Debtors retained Eva Donahue with respect to the Debt and revoking any purported prior express consent Defendant possessed to call Debtor Sarah Hall's Cellular Telephone, Defendant repeatedly called Debtor Sarah Hall's Cellular Telephone using an ATDS, PTDS, or APV in April 2018, sometimes calling Debtor Sarah Hall in excess of twenty (20) times per day in its attempts to collect the Debt.

67. Moreover, Defendant repeatedly made telephone calls to Debtor Sarah Hall in an attempt to collect the Debt despite the fact that Debtor Sarah Hall was not a party to the contractual agreement entered into between Defendant, Debtor Todd Hall, and Janice Catlow that created the Debt.

68. Further, despite Debtor Sarah Hall advising Defendant that Debtors retained Eva Donahue with respect to the Debt providing Eva Donahue's contact information, and advising that

11

Debtors would be filing for bankruptcy, Defendant continued to call Debtor Sarah Hall's Cellular Telephone in an attempt to collect the Debt from Debtor Todd Hall.

69. Additionally, despite having actual knowledge of Eva Donahue's representation of Debtors, Defendant sent a Deficiency Notice directly to Debtor Todd Hall in an attempt to collect the Debt.

70. Defendant's conduct served no purpose other than to annoy and harass Debtors into paying the Debt by continuing to impermissibly and unlawfully call Debtor Sarah Hall's Cellular Telephone in an attempt to collect the Debt, despite Defendant possessing actual knowledge that Debtor Sarah Hall was not a party to any agreement creating the Debt, having knowledge of Eva Donahue's representation of Debtors, and despite Debtor Sarah Hall's demands that such communications cease.  Nevertheless, Defendant refused to cease engaging in such unlawful debt collection conduct and continued to contact Debtor Sarah Hall on her Cellular Telephone, and also sent a Deficiency Notice directly to Debtor Todd Hall all made in effort to circumvent Eva Donahue's legal representation of Debtors in its attempts to collect the Debt.  Defendant's willful, and flagrant violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect a Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statutes, Section 559.72(7).

71. As a direct and proximate result of Defendant's actions, Debtors sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT TWO:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**<u>VIOLATION OF FLORIDA STATUTES, SECTION 559.72(9)</u>**

Plaintiffs re-allege paragraphs one (1) through sixty-three (63) as if fully restated herein and further states as follows:

72. Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(9) by attempting to collect the Debt with knowledge that the Debt is not legitimate or by asserting the existence of some legal right when Defendant knows that the right does not exist.

73. Specifically, Defendant possessed actual knowledge that Debtor Sarah Hall did not owe the Debt as she was not a party to the agreement creating the Debt.

74. Despite possessing such knowledge, from April 2018 to July 2018, Defendant made numerous telephone calls to Debtor Sarah Hall's Cellular Telephone in an attempt to collect the Debt from both Debtors.

75. At no point in time was Debtor Sarah Hall a party to the agreement underlying the Debt, as such, any attempts by Defendant to collect the Debt directly from Sarah Hall is an attempt to collect an illegitimate debt because she was not and is not personally liable with respect to the Debt.

76. Additionally, Defendant possessed actual knowledge that it could not attempt to collect the Debt by placing calls to Debtor Sarah Hall's Cellular Telephone using an ATDS, a PTDS, and/or an APV as it did not and could not possess her express consent to receive calls because Debtor Sarah Hall was never a part of the agreement underlying the Debt.

77. Despite possessing such knowledge, and despite Debtor Sarah Hall revoking any purported consent during several of Defendant's telephone calls to her Cellular Telephone, Defendant continued to call Debtor Sarah Hall's Cellular Telephone using an ATDS, a PTDS, and/or an APV from April 2018 to July 2018, sometimes in excess of twenty (20) times per day.

78. During the course of Defendant's attempts to collect the Debt, Defendant knowingly attempted to collect the Debt from Debtor Sara Hall personally, and falsely asserted that Defendant possessed the legal right to repeatedly call Debtor Sarah Hall's Cellular Telephone

13

with an ATDS, a PTDS, and/or an APV without her express consent. Defendant knew that it did not possess such rights.

79. As a direct and proximate result of Defendant's actions, Debtors sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT THREE:
UNLAWFUL DEBT COLLECTION PRACTICE –
<u>VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)</u>**

Plaintiffs re-allege paragraphs one (1) through sixty-three (63) as if fully restated herein and further states as follows:

80. Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(18) by intentionally and repeatedly communicating directly with Debtors after receiving notice and possessing actual knowledge that Debtors retained Eva Donahue with respect to the Debt and after possessing Eva Donahue's contact information.

81. Specifically, the first time Debtor Sarah Hall spoke with Defendant in April 2018, Debtor Sarah Hall provided Defendant with notice and actual knowledge that Eva Donahue represented Debtors with respect to the Debt and provided Defendant with Eva Donahue's contact information.

82. Despite Defendant possessing actual knowledge of Eva Donahue's representation of Debtors with respect to the Debt, Defendant made numerous calls directly to Debtor Sarah Hall's Cellular Telephone between April 2018 and July 2018 in its attempts to collect the Debt directly from Debtors.

83. Defendant's telephone calls to Debtor Sarah Hall's Cellular Telephone were an indirect attempt to collect the Debt from Debtor Todd Hall.

84. Additionally, despite possessing notice and actual knowledge of Eva Donahue's representation of Debtors and despite possessing Eva Donahue's contact information, Defendant sent a Deficiency Notice directly to Debtor Todd Hall in an attempt to collect the Debt.

85. Such direct communications from Defendant to Debtors sought to circumvent Eva Donahue's representation of Debtors in violation of Florida Statutes, Section 559.72(18).

86. As a direct and proximate result of Defendant's actions, Debtors sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT FOUR:
## TELEPHONE CONSUMER PROTECTION ACT-
## VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)

Plaintiffs re-allege paragraphs one (1) through sixty-three (63) as if fully restated herein and further states as follows:

87. Defendant is subject to, and violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an ATDS, PTDS, or APV to make a call to a telephone number assigned to a cellular telephone service without Debtors' prior express consent.

88. At no time herein did Defendant possess Debtor Sarah Hall's prior express consent to call her Cellular Telephone using an ATDS, a PTDS, and/or an APV, as Debtor Sarah Hall was not a party with respect to the contract agreement creating the Debt.

89. If Defendant contends it possessed such consent, Debtor Sarah Hall revoked any such purported consent each time Debtor Sarah Hall requested that Defendant cease calling her regarding the Debt and, more specifically, the first time Debtor Sarah Hall spoke with Defendant in April 2018.

90. Additionally, if Defendant contends the referenced phone calls were made for "informational purposes only," it nevertheless lacked the required prior express consent necessary

to place such informational calls to Debtor Sarah Hall's Cellular Telephone using an ATDS, PTDS, or APV.

91. Between April 2018 and July 2018, despite lacking Debtor Sarah Hall's prior express consent to make calls to Debtor Sarah Hall's Cellular Telephone, Defendant repeatedly made calls to Debtor Sarah Hall's Cellular Telephone using an ATDS, PTDS, or APV, calling Debtor Sarah Hall up to or in excess of twenty (20) times per day.

92. As a direct and proximate result of Defendant's conduct, Debtor Sarah Hall suffered:

    a. The periodic loss of her Cellular Telephone service and the cost associated therewith;

    b. Lost material costs associated with the use of peak time minutes allotted under her Cellular Telephone service contract; and

    c. Stress, anxiety, invasion of privacy, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, as a direct and proximate result of Defendant's conduct against Debtors, respectfully requests an entry of:

    a. An award declaring that Defendant violated the FCCPA;

    b. An award against Defendant for maximum statutory damages for violations of the FCCPA;

    c. An award against Defendant for statutory damages in the amount of $500.00 for each of Defendant's telephone calls that violated the TCPA;

   d. An award against Defendant for treble damages in the amount of an additional $1,000.00 for each telephone call that violated the TCPA for which Defendant acted knowingly and/or willfully;

   e. Actual damages in an amount to be determined at trial;

   f. Punitive damages in an amount to be determined at trial;

   g. An award of attorneys' fees and costs; and

   h. Any other such relief deemed proper.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiffs hereby give notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Dated this 15th day of September 2020.

               Respectfully submitted,
               LEAVENLAW

               /s/ *Ian R. Leavengood*
               **Ian R. Leavengood, Esq., FBN 0010167**
               Northeast Professional Center
               3900 First Street North, Suite 100
               St. Petersburg, FL 33703
               Phone: (727) 327-3328
               Fax: (727) 327-3305
               consumerservice@leavenlaw.com
               *Attorneys for Plaintiffs*

               ~and~

               **Eva M. Donohue, Esq., FBN 576581**
               **EVA M. DONOHUE, P.A.**
               P.O. Box 5074
               Lakeland, FL 33807
               Phone: (863) 687-6400
               Fax: (863) 687-6440
               info@emdlawfirm.com
               *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 15, 2020, a true and correct copy of the above and foregoing *Amended Complaint* was electronically filed via CM/ECF which will electronically serve counsel of record:

R. Frank Springfield, Esq.
Burr & Forman LLP
201 North Franklin Street, Suite 3200
Tampa, Florida  33602
fspringfield@burr.com
flservice@burr.com
scarroll@burr.com
sfoshee@burr.com
*Attorney for Defendant, Santander Consumer USA Inc*

                                            /s/  Ian R. Leavengood
                                            Attorney